STATE EX REL. HIRAM M. RULISON, PROS. ATTY. v. CHARLES P. MACKEL-
FRESH.

1. STATUTES UNUNIFORM IN OPERATION UNCONSTITUTIONAL.

Section 3 of act 51 O. L. 406, as amended in 91 O. L. 78, and in 92 O. L.
59 (see Rev. Stat. 568; Lan. 900), by reason of the exception in favor of
certain counties is unconstitutional and void, and the repealing sections
are also inoperative. This statute as originally enacted in 51 O. L. 406,
is still in force.

[For other cases in point, see 2 Cyc. Dig., "Constitutional Law," §§ 975-
1100.—Ed.]

2. EFFECT OF ANNEXATION OF TERRITORY ON OFFICER OF ANNEXED PART.

By reason of annexation and by force of the last part of Rev. Stat. 568
(Lan. 900), a justice of the peace is authorized to perform the duties
of his office in the township to which the territory in which he resides
has been annexed, but only until the end of the term of three years
for which he was elected.

[For other cases in point, see 5 Cyc. Dig., "Justices of the Peace," §§ 69-
84.—Ed.]

3. PROCEEDINGS FOR INCREASING NUMBER OF JUSTICES OF THE PEACE.

In such a case no new office of justice of the peace is created for which
a successor should be elected and qualified; it is only by application
to and determination by the probate judge of the county, in accord-
ance with the provisions in the first part of Rev. Stat. 568 (Lan. 900),
that the number of justices of the peace can be permanently increased.

[Syllabus approved by the court.]

**H. M. Rulison,** prosecuting attorney, **Frank Morris, L. B. Sawyer**
and **C. O. Rose,** for plaintiff:

The annexation of Winton Place to Cincinnati or Cincinnati town-
ship did not extend the jurisdiction of respondent over Cincinnati town-
ship, or authorize him to act as justice of the peace for Cincinnati town-
ship. *State* v. *Heffner,* 59 Ohio St. 368 [52 N. E. Rep. 785]; *State* v.
*Maxfield,* 6 Circ. Dec. 11 (9 R, 26); *State* v. *Yates,* 66 Ohio St. 546 [64
N. E. Rep. 570]; Sutherland, Stat. Constr. 457; *State* v. *Blend,* 121 Ind.
514 [23 N. E. Rep. 511; 16 Am. St. Rep. 411]; *State* v. *Buckley,* 60
Ohio St. 273 [54 N. E. Rep. 272]; *State* v. *Smith,* 48 Ohio St. 211 [26
N. E. Rep. 1069]; Bishop, Written Laws Sec. 35-32; *State* v. *Buckley,*
9 Circ. Dec. 341 (17 R. 86); *Backenstoe* v. *State,* 14 Dec. 580; *Gorman*
v. *Bepler,* 7 Dec. 15 (4 N. P. 242); *Spraigue* v. *Thompson,* 118 U. S. 90
6 Sup. Ct. Rep. 988; 30 L. Ed. 115]; *Higgins* v. *Drucker,* 12 Circ. Dec.
220 (22 R. 112); *Beebe* v. *Scheidt,* 13 Ohio St. 406; *Harding* v. *New
Haven Tp.* (*Tr.*) 3 Ohio 228; *Truesdell* v. *Combs,* 33 Ohio St. 186.

Respondent's term of office expired April 16, 1906, and was not extended by virtue of Art. 17 of the constitution. *Pfeifer* v. *Green,* 4 Dec. 239 (3 N. P. 157).

**T. H. Darby,** for defendant:

By operation of Rev. Stat. 568 (Lan. 900), upon the annexation to Cincinnati township of that part of Millcreek township in which said Mackelfresh resided, he became authorized to execute the duties of justice of the peace in the township of Cincinnati in the same manner and to the same extent as if he had been elected for said Cincinnati township.

By operation of Art. 17 of the constitution of Ohio, adopted November 17, 1905, and of the statute enacted March 31, 1906, the said term of his office as justice of the peace is extended to January 1, 1908. *State* v. *Spellmire,* 67 Ohio St. 77 [65 N. E. Rep. 619]; *Kelley* v. *State,* 6 Ohio St. 269; *State* v. *Campbell,* 8 Circ. Dec. 62 (14 R. 481); *Campbell* v. *State,* 56 Ohio St. 794; *State* v. *Buckley,* 60 Ohio St. 273 [54 N. E. Rep. 272]; *State* v. *Yates,* 66 Ohio St. 546 [64 N. E. Rep. 570]; *Pearson* v. *Stephens,* 56 Ohio St. 126 [46 N. E. Rep. 511]; *Heart* v. *Murray,* 48 Ohio St. 605 [29 N. E. Rep. 576]; *State* v. *Graver,* 66 Ohio St. 555 [64 N. E. Rep. 573]; *State* v. *Lewis,* 69 Ohio St. 202 [69 N. E. Rep. 132]; *State* v. *Heffner,* 59 Ohio St. 368 [52 N. E. Rep. 785]; *State* v. *Smith,* 48 Ohio St. 211 [26 N. E. Rep. 1069].

**GIFFEN, J.**

The defendant on April 6, 1903, was a resident of the village of Winton Place in Millcreek township, Hamilton county, Ohio, and was on that day duly elected a justice of the peace in said township for a term of three years, beginning April 16, 1903. Cincinnati township and the city of Cincinnati were at that time coextensive, and the village of Winton Place was adjacent thereto.

On April 12, 1904, that part of Millcreek township embracing the village was annexed to Cincinnati township.

From and after April 12, 1904, the defendant exercised the duties of justice of the peace in Cincinnati township the same as if he had been elected therefor. This action was commenced to determine by what right, if any, the defendant holds the office of justice of the peace for Cincinnati township.

Revised Statute 568 (Lan. 900) is, by reason of the exception in favor of certain counties, unconstitutional and void.

State v. Mackelfresh.

The repealing sections, 91 O. L. 78, and 92 O. L. 59, are also inoperative, whereby the original act, 51 O. L. 406, is still in force. *State v. Brickley,* 60 Ohio St. 273 [54 N. E. Rep. 272].

Although defendant's term of three years expired April 16, 1906, he claims the right to hold over until his successor is elected and qualified, by virtue of Art. 17, Sec. 3 of the constitution, as amended November 7, 1905, which provides as follows:

"Every elective officer holding office when this amendment is adopted, shall continue to hold such office for the full term for which he was elected, and until his successor shall be elected and qualified as provided by law."

The demurrer to the answer presents the question whether there is any lawful authority to elect a successor to the defendant as justice of the peace of Cincinnati township. He avers in his answer "that there are now five and no more persons in said Cincinnati township performing and exercising the office and duties of justice of the peace," but he does not aver that this number was authorized or judicially determined under Rev. Stat. 568 (Lan. 900) or any other section of the Revised Statutes, except by reason of the annexation of territory, and by force of Rev. Stat. 568 (Lan. 900) one additional justice is created. This section, however, only provides that he shall execute the duties of his office in the township to which the same is attached in the same manner as if he had been elected for such township, and while the annexation of territory may afford a sufficient reason for increasing the number of justices in a township, the question must, upon application and after public notice, be determined by the probate judge of the county.

His continuance in office in the township to which it was attached was intended, under this section, only to complete the term of three years for which he was elected and not to create an office for which a successor should be elected and qualified. The demurrer to the answer will therefore be sustained.

**Swing** and **Smith, JJ.,** concur.